IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Peishi Advertising Media Co. Ltd.<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO<br>  Defendants. | Case No. 25-cv-12683-JLA-AB<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Albert Berry III** |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Shenzhen Peishi Advertising Media Co. Ltd. ("Plaintiff") against the defendants identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from the online platform Amazon and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered patent (the "Plaintiff's Patent ") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that infringe on the Plaintiff's Patent, U.S Patent No. 12,324,440 entitled Automatic Smoker ("Plaintiff's Patent"). *See* Docket No.02-03 which includes image evidence of infringing products purchased by Plaintiff and shipped to Illinois along with links to the listings on the online platform from which they were ordered, confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois practicing the invention claimed in the Plaintiff's Patent.

This Court further finds that Defaulting Defendants are liable for willful patent infringement (35 U.S.C. § 271), and unjust enrichment under Illinois State Common Law.

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. manufacturing, distributing, offering for sale, selling in the United States any product that practices the invention claimed Plaintiff's Patent that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Patent;

    b. importing into the United States any product that practices the invention claimed in Plaintiff' that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Patent;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Patent;

    d. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which practice the invention claimed in Plaintiff's Patent.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

> a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the invention claimed in Plaintiff's Patent; and

> b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product Plaintiff's Patent or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Patent.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

Defaulting Defendants in connection with the sale of infringing goods practicing the invention claimed in using the Plaintiff's Patent.

4. Pursuant to 35 U.S.C. § 284, Plaintiff is awarded damages from the Defaulting Defendants in the amount of shown for each defendant in the table belowfor willful infringement of Plaintiff's Patent products sold through at least the Defendant Internet Stores.

| No. | Store Alias | Total Damages Sought | No. | Store Alias | Total Damages Sought |
|---|---|---|---|---|---|
| 2 | IGERI | $37,346.27 | 10 | WOLIOS | $50,994.90 |
| 4 | Shenzhenshishengyudashangmaoyouxiangongsi | $22,639.34 | 12 | Newgam | $23,340.36 |
| 5 | HMINLTD | $22,734.10 | 15 | YanzhiJie | $27,847.22 |
| 6 | PockFog | $22,793.28 | | | |

5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Plaintff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant

        Financial, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 1 to the Declaration of William R. Brees and any e-mail addresses provided for Defaulting Defendants by third parties.

To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Default Judgment.

Dated: January 6, 2026

                                                              Honorable Jorge L. Alonso
                                                              United States District Judge

Schedule A

| Defendant No. | Seller Name | Seller ID |
|---|---|---|
| 2 | **IGERI** | A14SXFUCNK02QS |
| 4 | **shenzhenshishengyudashangmaoyouxiangongsi** | A283P0K9EI7FM1 |
| 5 | **HMINLTD** | A3UBOBVL2ZEXRK |
| 6 | **PockFog** | A2Z9FWNDX5KCTG |
| 10 | **WOLIOS** | A2372X3PRDWUQ2 |
| 12 | **Newgam** | A3M1XOF92D1LF |
| 15 | **YanzhiJie** | A5BKPCGV6URMX |